**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

ADAM RAWLS                                   CIVIL ACTION

VERSUS                                       NO:    16-17992

ROWAN COMPANIES, INC.                        SECTION: "J" (4)

## ORDER

Before the Court is Defendant Rowan Companies, Inc.'s **Motion to Compel Independent Medical Examinations (R. Doc. 15)**. The motion is unopposed and no extension of time within which to oppose the motion has been filed into the record. Oral argument was heard on March 7, 2018.

### I.     Background

Plaintiff, Adam Rawls, brought the instant action pursuant to the provisions of the Jones Act and General Maritime Law on December 30, 2016. R. Doc. 1. Plaintiff alleges that he was employed by Defendant, Rowan Companies, Inc., aboard the drill ship D/S ROWAN RELENTLESS. R. Doc. 7, p. 1. The Plaintiff contends that he was subject to physical and verbal harassment, intimidation, and abuse based upon his race by his immediate supervisor. *Id.* at p. 2. According to the Plaintiff, he was shoved and almost fell through the "moon pool," which would have caused his death, was forcefully grabbed and threatened with violence, deliberately assigned demeaning tasks, was spit at, and was referred to by racial slurs. *Id*. The Plaintiff contends that this incident culminated into his having symptoms of a heart attack and being required to flown from the rig and rushed to medical treatment. *Id.*

The Plaintiff alleges that he remains under a doctor's care for severe anxiety, post-traumatic stress disorder, severe depression, and anxiety/panic attacks which cause dangerous spikes to his heart rate and dangerous elevations of his blood pressure. *Id.* at p. 3. He further alleges

that physicians have "disabled him from work." *Id*. The Plaintiff seeks maintenance and cure, as well as damages for his physical and mental injuries including monetary damages for: (1) past and future loss of wages and benefits; (2) impairment of future earning capacity; (3) mental and emotional pain and suffering; (4) past and future medical expenses; (4) permanent disability; (5) post-traumatic stress disorder; (6) loss of enjoyment of life; and (7) additional damages to be shown at trial.

The Defendant filed the instant motion to compel the Plaintiff to submit to two Independent Medical Examinations. R. Doc. 15. The Defendant argues that there is good cause for the IME and that the conditions to be examined are in controversy. R. Doc. 15-1, p. 2.

The Plaintiff sought leave to file an untimely response in opposition to the motion, which the Court granted. R. Docs. 17, 19. Therefore, the motion is opposed. R. Doc. 21. Plaintiff argues that: (1) his physicians are "practicing clinical therapists" and have not performed any written testing in their course of treatment and diagnosis to determine brain damage or cognitive brain injury; (2) neither will be offering any opinion that plaintiff's injuries are the result of brain damage or his IQ has been compromised by injuries; and (3) defendant is seeking a four-hour IME with a psychiatrist and eight-hour IME with a neuro-psychologist and that the testing as described is excessive; and (4) Plaintiff does not oppose or object to the plaintiff undergoing short hour or two examinations that would be reasonable and responsive to the claims in the case. *Id.* at pp. 2-3.

Defendant sought leave to file a reply, which the Court granted. R. Docs.  18, 20. In its reply defendant argues that: (1) plaintiff mischaracterizes its treating provides as "practicing clinical therapists" since one is a psychiatrist and the other a psychologist; (2) if plaintiff intends to introduce testimony from a psychiatrist and psychologist the defendants are entitled to retain their own experts in the field; and (3) the defendant's experts are "imminently qualified" and any

2

objection regarding choice of doctors is the subject of a *motion in limine*, but does not entitle plaintiff to refuse to submit to examinations; (4) the psychologist will conduct a psychological evaluation as opposed to a neuropsychological evaluation as indicated in the opposition brief. R. Doc. 22, pp. 1-2.

## II.    Standard of Review

Physical and mental examinations are governed by Federal Rule of Civil Procedure 35. Rule 35 allows the Court to order "a party whose mental or physical condition…is in controversy to submit to a physical or mental examination" when there has been a "motion for good cause and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a)(1)-(2); *see also, Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208 (5th Cir. 1990) ("Under Rule 35, three requirements are necessary to enable a court to order a Rule 35 exam: (1) the party's physical or mental condition must be in controversy; (2) the expert must be either a physician or a psychologist; and (3) good cause must be shown."). Rule 35's "in controversy" and "good cause" requirements "are not satisfied by showing 'mere relevance to the case.'" *In re Oil Spill by Oil Rig DEEPWATER HORIZON*, MDL No. 2179, 2012 WL 607971, at *3 (E.D. La. Feb. 24, 2012) (quoting *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964)). As the court in *In Re Oil Spill by Oil Rig DEEPWATER HORIZON* explained:

> Rather, what is required is "an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Whether these requirements are met necessarily depends on the particular facts of the case and the scope of the examination sought.

2012 WL 607971, at *3 (citations omitted) (quoting *Schlagenhauf*, 379 U.S. at 118). Finally, "Rule 35(a) should be liberally construed in favor of discovery." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 207 (N.D. Tex. 1996). "The decision as to whether or not to order an independent

medical examination under Rule 35(a) rests in the court's sound discretion." *Glaze v. Bud's Boat Rental, Inc.,* No. 93–1334, 1993 WL 441890, at *1 (E.D. La. Oct. 21, 1993) (citing *Cola–Cola Bottling v. Torres,* 255 F.2d 149 (5th Cir. 1958)).

### III.    Analysis

In support of the motion, Defendant argues that the Plaintiff has clearly put his mental status in controversy because his physicians indicate he is disabled and unable to perform gainful employment due to his severe anxiety, post-traumatic stress disorder, severe depression, and panic attacks. Further, the Plaintiff in their opposition does not dispute or argue that his mental status is in controversy. The Court finds that the "in controversy" requirement has been met. The allegations by the Plaintiff placed his mental status in controversy and the Plaintiff seeks damages based on these alleged medical conditions and injuries.

The Defendant also argues that "good cause" exists because the Plaintiff has sought treatment with Dr. Ted Bloch, a psychiatrist in New Orleans, and Dr. Gail Watson, a psychologist in New Orleans. Defendant further contends that the Plaintiff will use these individuals to prove his claim, such that an IME should be allowed. R. Doc. 15-1, p. 2.

Plaintiff's opposition indicates that Drs. Watson and Bloch will not be offering any testimony that the plaintiff's emotional injuries are the result of brain damage or other injuries. R. Doc. 21, p. 2. Plaintiff states he has been diagnosed with anxiety, depression, and post-traumatic stress disorder and is treated weekly by these physicians and prescribed medications. *Id.* The motion is further opposed on the grounds that Defendant has scheduled twelve hours of IMEs, four with psychiatrist Dr. Thompson, and eight with psychologist Dr. Bianchini. *Id.* Plaintiff argues that typically Dr. Bianchini typically is used by litigants defending claims of cognitive psycho-neurological injury, the testing is long, tedious, and lasts an entire day. *Id.* at pp. 2-3. Further,

Plaintiff argues that he is not opposed to being examined by one the experts for an hour or two and be done in in a reasonable and responsive way to the claims in the case based upon treatment and diagnosis. *Id.* at p. 3. Instead, Plaintiff states that Defendant is seeking a full blown neuro-psychological evaluation which is excessive and unnecessary and is not needed since any test for cognitive brain damage are not needed. *Id.*

Defendant's reply states that Plaintiff is mischaracterizing his treating providers as "practicing clinical therapists" as one is a psychiatrist and the other is a psychologist. R. Doc. 22. Further, Defendant states that Plaintiff "admits he intends to introduced testimony" of Plaintiff's psychologist and psychiatrist at trial, and therefore it is entitled to retain their own experts in the same field. *Id.* With Defendant's psychologist, Dr. Bianchini, he has been retained to conduct a psychological evaluation, not a neuropsychological evaluation as indicated by Plaintiff, and the description of the proposed testing and clearly indicates that and it can usually be completed in a single day. *Id.* at p. 2; See R. Doc. 21-2, p. 3 ("Testing time takes approximately six to eight hours"…"The testing day is non-invasive").

As this Court has previously stated, "[o]ne of the purposes of Fed. R. Civ. P. 35 is to level the playing field when a party's physical or mental capacity to engage in gainful employment is at issue." *Cook v. Bayou Tugs, Inc.*, No. 11-0112, 2011 WL 5930477, at *4 (E.D. La. November 29, 2011) (quoting *Bergeron v. Beverly Dredging, LLC, et al*, No. 08-3753, 2009 WL 1140414, at *2 (E.D. La. April 27, 2009)); *see also Jackson v. Entergy Operations, Inc.*, No. , 1998 WL 28272, at *1 (E.D. La. January 26, 1998) ("[W]hen [plaintiff's] mental injuries will be an important component of her damages, good cause exists to permit defendant to select its own expert to examine her."). "The number of examinations ordered should be held to the minimum necessary considering a party's right to privacy and the need for the court to have accurate information."

*Monroe v. Cooper/T. Smith Stevedoring Co., Inc.,* No. 06-933-B-M2, 2008 WL 687196, at *2 (M.D. La. Mar. 10, 2008).

The Plaintiff indicates that he has visited Dr. Bloch, a psychologist, and Dr. Watson, and psychiatrist, and Plaintiff alleges he is disabled and unable to be gainfully employed. R. Doc. Nos. 7, 15-2. Plaintiff further seeks damages as a result of his physical and mental condition.

As such, the Court finds that good cause exists to allow the Defendant to conduct an IME. The damages in the case involve mental injuries and the Plaintiff has previously visited both a psychiatrist and psychologist, therefore, in order to allow a level playing field with respect to discovery an IME is warranted. The question for the Court, is therefore, whether two separate IMEs are appropriate in the instant matter.

The Defendant proposes two independent medical examinations, one with Dr. Kevin Bianchini, a psychologist, and Dr. John Thompson, a psychiatrist. In selecting the independent expert to conduct the examination, "the usual attitude is that although the moving party has no absolute right to the choice of the physician, when no serious objection arises, it is probably best for the court to appoint the doctor of the moving party's choice." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 196, 202 (N.D. Tex. 1995) (citing 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure*, §2234.2 (1994)).

As a general matter, Rule 35 does not limit the number of examinations a plaintiff may be compelled to undergo; however, a court should require a "stronger showing of necessity" before ordering repeated examinations. *Monroe*, 2008 WL 687196, at *2. During oral argument, the Court ordered that defense counsel provide the battery of tests that Dr. Bianchini, the psychologist, would conduct. R. Doc. 26. On March 9, 2018, that information was hand-delivered to the Court for a review.

The Court finds that the motion should be granted with respect to the IME to be performed by Dr. John Thompson, the psychiatrist. Upon review of the information provided to the Court by defense counsel with respect to the IME by Dr. Kevin Bianchini, the Court finds that the motion should be granted in part and denied in part.

The Court finds that with respect to Dr. Kevin Bianchini, an IME is appropriate with respect to the psychological tests proposed. The Court finds that the psychological tests listed cover what is in controversy in the instant case and good cause has been shown to permit the IME with respect to those tests.

However, the Court finds that with respect to Dr. Bianchini's proposed abilities tests, the IME should be denied in part. A review of the record does not indicate that Plaintiff is claiming to have difficulty with vision, paying attention, concentrating, learning, or reading. Rather, the complaint itself indicates that Plaintiff is under a doctor's care for severe anxiety, depression, PTSD, and panic attacks which case spikes to his heart rate and blood pressure and that the Plaintiff's physicians have disabled him from work. R. Doc. 7, pp. 2-3.

Nowhere in the complaint or the record is an issue raised with respect to Plaintiff's ability to focus, think, and remember to the extent it prevents the Plaintiff from working. The Court finds that while Plaintiff's mental health is in controversy, the issues of cognitive ability have not been raised. Further, the Court does not find that good cause is present to order or allow these tests as part of the IME performed by Dr. Bianchini, or that the abilities tests are proportional to the needs of the case. As such, the Court finds that with respect to those abilities tests, the motion to compel the IME with Dr. Bianchini must be denied in part.

IV.    **Conclusion**

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion to Compel Independent Medical Examinations (R. Doc. 15)** is **GRANTED IN PART** and **DENIED IN PART**.

The motion is **GRANTED** to the extent that the Court orders that Plaintiff shall undergo an IME performed by Dr. John Thompson. The motion is also **GRANTED** to the extent that the Plaintiff shall undergo an IME by Dr. Kevin Bianchini and which will encompass the psychological tests proposed, but is **DENIED** to the extent that the Court will not order an IME for the abilities tests proposed.

New Orleans, Louisiana, this 9th day of March 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**